# IN THE COURT OF APPEALS OF IOWA

No. 21-1767
Filed August 31, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOE ELVIN FARNUM, JR.,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.

Joe Farnum Jr. appeals his sentence imposed by the district court.
**AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Joe Farnum Jr. pleaded guilty to operating a motor vehicle without owner's consent, an aggravated misdemeanor, in violation of Iowa Code section 714.7 (2021). He also pleaded guilty via *Alford* plea to attempted burglary in the second degree, a class "D" felony, in violation of Iowa Code sections 713.2 and 713.6.[1] Farnum was sentenced to an indeterminate term of incarceration not to exceed two years for the aggravated misdemeanor and an indeterminate term of incarceration not to exceed five years for the felony, with the sentences to be served concurrently to each other. He appeals the sentences he received.[2]

The parties agree that the sentences imposed were within statutory limits, so the sentences are "cloaked with a strong presumption in [their] favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *See Damme*, 944 N.W.2d at 105–06 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). This means that we do not second-guess the sentencing court's decision but, instead, determine whether the sentencing decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* at 106 (quoting *Formaro*, 638 N.W.2d at 724).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the guilty plea).

[2] Because he pleaded guilty, Farnum must show good cause in order to appeal. *See* Iowa Code § 814.6(1)(a)(3) (prohibiting a defendant from appealing as a matter of right following a guilty plea unless "the defendant establishes good cause"). As Farnum is challenging his sentences, not his guilty pleas, and the sentences were neither mandatory nor agreed to as part of a plea agreement, Farnum has established good cause. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

Farnum contends the district court abused its discretion when it sentenced him to incarceration because it did not properly consider his goals for rehabilitation if he were to remain in the community. The goals listed by Farnum during the hearing included seeking mental-health treatment, seeking substance-abuse treatment, helping his wife with her substance-abuse issues, and parenting his thirteen-year-old son.

We reject Farnum's argument for several reasons. First, the district court is not required to specifically address each sentencing factor or claim of mitigating circumstances on the record. *See State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018) ("Yet the court is not required to specifically examine and apply each factor on the record at this point but considers all relevant factors in exercising its discretion to select the proper sentencing option."); *State v. Siders*, No. 15-1394, 2016 WL 3002784, at *2 (Iowa Ct. App. May 25, 2016) ("[A] court is not required to specifically acknowledge each claim of mitigation."). Second, the district court expressly addressed the factors Farnum claims the court did not consider, as well as many others, when the court stated:

> I have read this court file, and I've read the pleadings that are in it, including the pleas of guilty on both of these files. I've read the presentence investigation. I note the correction that [defense counsel] made to it. I've read the presentence investigation report, listened to the statements of [defense counsel], [the prosecutor], and Mr. Farnum.
> My goal that I am to follow when entering a proper sentencing order is to provide for the maximum opportunity for Mr. Farnum's rehabilitation but also protection of the community from further offenses committed by Mr. Farnum.
> And in considering that overall goal, I've looked at Mr. Farnum's age. I've looked at his prior record. I've looked at his history of employment and his ability to be employed. I've looked at his family circumstances. I've looked at his mental-health and substance-abuse history and treatment options that are available in

the community and also the correctional system. I've considered the nature of the offenses that have been committed here.

The current offense, the attempted burglary, the victims were Mr. Farnum's parents. The operating a motor vehicle without owner's consent involved a semitrailer tractor. These offenses, when looking at Mr. Farnum's history, make clear that the problems that have plagued Mr. Farnum in the past continue.

He has mental-health issues that he has not been able to manage well in the community as evidenced by his repeated returns to criminal court, and he has substance-abuse issues, which also need treatment that are ongoing and long-term and that exacerbates his mental-health issues.

And working in combination, again, is what results in Mr. Farnum repeatedly coming back to court facing criminal charges, some of which are violent in nature, most of which are not, most of which are just inappropriate interactions that escalate with people that result in him getting arrested and prosecuted and convicted time and time again.

It's clear that Mr. Farnum needs consistent mental-health treatment. He needs substance-abuse treatment. The issue is whether those modalities can be accomplished with Mr. Farnum remaining in the community or whether he needs to have a further period of stabilization incarcerated and then be released to the community with a plan in place.

I would like to be able to say that there's a good plan that I can submit to Mr. Farnum for probation in the community that would accomplish the goals of consistent mental-health treatment and substance-abuse treatment, but those haven't been proposed to me.

And I think that the better alternative for protection of the community—as there have been a litany of victims in the past here, that tells me that there's the potential for more in the future. To me, the better approach is to incarcerate Mr. Farnum for a period of time to allow the Department of Corrections to formulate an appropriate plan upon his release and parole so that when he goes back in the community it's with a stable place to live and with treatment in place for him. That's what ultimately, I believe, needs to happen here.

Farnum contends the district court focused only on the likelihood he would reoffend if not incarcerated and that doing so was an abuse of discretion. We disagree. The district court clearly considered Farnum's mental-health and substance-abuse issues, his need for treatment, and his need for rehabilitation. The court, after considering those needs as well as multiple other appropriate

factors, determined that incarceration would be the best way to achieve the necessary goals. Accordingly, we conclude the district court did not abuse its discretion in sentencing Farnum to incarceration.

**AFFIRMED.**